IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-03260-MSK

STEVEN G. WEINER,

    Plaintiff,

v.

COLORADO CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER REMANDING CASE

**THIS MATTER** comes before the Court *sua sponte* upon receipt of the Defendant's Notice of Removal **(#1)**. The Plaintiff, Steven G. Weiner, commenced this action in the Colorado District Court for Arapahoe County, asserting claims for breach of contract and bad faith. The Defendant removed the case to this Court, citing 28 U.S.C. § 1332 as the basis for jurisdiction.

A civil action is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Diversity jurisdiction under 28 U.S.C. § 1332 exists when the case involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). As the party invoking the federal court's jurisdiction, the Defendant bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). In removed cases, the amount in controversy must be evident from the allegations of either the Complaint or the

Notice of Removal.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Here, neither the Complaint nor the Notice of Removal alleges sufficient facts to establish the jurisdictional amount.  The Complaint alleges that the Plaintiff was involved in a car accident and his vehicle was rear-ended.  However, there is no showing of what losses or injuries the Plaintiff incurred, or what coverage was available to him under the underinsured motorist provision of his policy.  Thus, on the facts provided, the amount in controversy cannot be determined.  The Defendant also relies on the "Civil Cover Sheet" preceding the Complaint to establish the amount in controversy.  On the cover sheet, the Plaintiff checked the box to indicate that he is seeking a monetary judgment in excess of $100,000, and thus the case is not subject to C.R.C.P. 16.1.  For the reasons stated in *Baker v. Sears Holdings Corp.*, 557 F.Supp.2d 1208 (D.Colo. 2007), the Court finds that, in the absence of additional facts, the Defendant's reliance on the Civil Cover Sheet is insufficient to establish the amount in controversy for purpose of establishing federal diversity jurisdiction.  Accordingly, the Court lacks subject matter jurisdiction over this action and the case must be remanded to the State Court.

**IT IS THEREFORE ORDERED** that the case is **REMANDED** to the Arapahoe County District Court.   The Clerk shall take appropriate action to accomplish the remand.

Dated this 9th day of December, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge